UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARY ANTOINETTE ROBINSON,

        Plaintiff,

        v.                          Case No. 10-C-0199

VIRGINIA COLLEGE ONLINE, UPS, NIKE,
TALECRIS IBBI PLASMA CARE, FINISH LINE,

        Defendants.

ORDER GRANTING PETITION TO PROCEED IN FORMA PAUPERIS (DOC. # 2),
DENYING MOTION TO AMEND (DOC. # 5), AND DISMISSING CASE
PURSUANT TO 28 U.S.C. § 1915(e)(2)

Plaintiff, Mary Antoinette Robinson, filed a pro se complaint against the above listed defendants. In addition, she filed a petition and affidavit to proceed without prepayment of fees and costs.

Under 28 U.S.C. § 1915(a), the court may authorize a plaintiff to proceed in forma pauperis if she is unable to pay the prescribed court fees. The plaintiff's petition indicates that she is unemployed, receives no income, and has no expenses. On these facts, the plaintiff has established an inability to pay the entire filing fee.

The inquiry, however, does not end with this finding. Under 28 U.S.C. § 1915, the court conducts an initial review of the plaintiff's claims and will dismiss the action if it finds that (1) the action is frivolous or malicious, (2) the complaint fails to state a claim on which relief may be granted, or (3) the petitioner seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Accepting the plaintiff's allegations as true, "a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In her complaint, Robinson includes a wide ranging discussion of unrelated grievances against various entities. First, she discusses conversations she had with administrators and staff at Virginia College Online regarding her grades. Apparently, the conversations did not end in Robinson's favor, and she informed an administrator that she was going to file a complaint. Later she discovered that Virginia College Online is not registered in Wisconsin. Next, Robinson states that she complained about Talecris IBBI Plasma Care with the "Agriculture Trade Commission" regarding "known location's inaccuracy of my information" and that they "refused because I have some tattoo's."

Moving on, Robinson describes an incident at "St. Ben's church" where according to her complaint, she got into an argument with another person. At some point an officer (police?) was present and Robinson asserts that he "refused [her] service." Finally, Robinson contends that she made a "Nike Boot Purchase" from Finishline. A month after she purchased the shoes, she called Finishline's customer service center to complain. Ultimately, she was mailed another pair of shoes, but she had to travel to the UPS facility "way out in [W]est Allis." When she arrived, she "got the shoes and the women tried to keep my mail, telling me its her's to keep." As to all defendants, Robinson is "suing for freedom of act to know information, Civil Rights, selective service's."

On April 7, 2010, Robinson filed an amendment to her complaint. In this amendment, she appears to include additional facts about Virginia College Online.

As noted, Robinson is proceeding *pro se*, and the court must construe her complaint liberally. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, even under a liberal reading, the complaint (and the proposed amendment) fails to provide facts that if proven would entitle Robinson to relief in this court. *See Panaras v. Liquid Carbonic Indus.*

2

*Corp.,* 74 F.3d 786, 792 (7th Cir. 1996) ("While federal notice-pleading allows for a generous reading of a complaint . . . the complaint must at least set out facts sufficient to 'outline or adumbrate' the basis of the claim."). Robinson does not specify how each defendant violated her rights under federal law, and she does not allege facts that entitle her to relief under what appears to be a Freedom of Information Act claim. *See* Title 5 U.S.C. § 552. Moreover, it appears that the claims are improperly joined under Rule 20(a) inasmuch as none of the defendants are related in any manner nor are the claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007. Under these circumstances, the court is required to dismiss this case pursuant to 28 U.S.C. § 1915(e)(2).[1] Now, therefore,

IT IS ORDERED that Robinson's petition to proceed in forma pauperis (Doc. # 2) is granted.

IT IS FURTHER ORDERED that Robinson's motion to amend the complaint (Doc. # 5) is denied.

IT IS FURTHER ORDERED that this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

Dated at Milwaukee, Wisconsin, this 20th day of April, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE

---

[1] The court notes that Robinson has initiated several suits in this district against various defendants. *See Robinson v. Miscellaneous Parties*, No. 09-CV-148 (E.D. Wis.) (dismissed without prejudice); *Robinson v. United States Supreme Court et al.*, No. 09-CV-1025 (E.D. Wis.) (dismissed without prejudice); *Robinson v. Virginia College Online et al.*, No. 10-CV-199 (E.D. Wis); *Robinson v. Chase Bank*, No. 10-CV-292 (E.D. Wis.); *Robinson v. Adelman et al.*, No. 10-CV-318 (E.D. Wis.).